USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

SAMUEL EHRENFELD,

                              Debtor.

Adv. Pro. No. 19-10290 (MKV)

---

SAMUEL EHRENFELD,

                    Appellant,

v.

WELLS FARGO BANK N.A., *as servicing
agent for US Bank National Association, as
Trustee for MASTR Asset Backed Securities
Trust, 2006-WMC2, Mortgage Pass-Through
Certificates, Series 2006-WMC2,*

                    Appellee.

No. 19-CV-8718 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Appellant Samuel Ehrenfeld appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Vyskocil, J.), granting the motion of Wells Fargo, servicing agent for U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust, 2006-WMC2, Mortgage Pass-Through Certificates, Series 2006-WMC2 ("U.S. Bank"), to lift the automatic stay placed on U.S. Bank's scheduled foreclosure sale of Ehrenfeld's property.  For the reasons set forth below, the order of the bankruptcy court is affirmed.

## BANKRUPTCY COURT PROCEEDING[1]

On January 31, 2019, Appellant Samuel Ehrenfeld filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.  *See* Bankr. Dkt. 1.[2]  A foreclosure sale of Ehrenfeld's property located at 1758 East 17th St., Brooklyn, NY 11229—scheduled to occur later that same day—was then cancelled, pursuant to 11 U.S.C. § 362(a), which mandates an automatic stay of such proceedings upon the filing of a bankruptcy petition.  Bankr. Dkt. 44 at 4:1–3.  The sale had been scheduled following a May 19, 2015 judgment of foreclosure and sale, entered by the Supreme Court of the State of New York for Kings County for Creditor U.S. Bank and against Debtor Ehrenfeld.  Bankr. Dkt. 15 Exhibit C at 8.  This judgment was affirmed by the New York Appellate Division, Second Department, in November 2016.  *See U.S. Bank. N.A. v. Ehrenfeld*, 144 A.D.3d 893 (N.Y. App. Div.) (2016).

On March 25, 2019, Appellee Wells Fargo, acting as servicing agent for U.S. Bank, filed a motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(2) so that the foreclosure sale could proceed.  Bankr. Dkt. 15 at 5.  Ehrenfeld filed an objection to this motion on May 23, 2019, alleging that Wells Fargo lacked standing to pursue the motion because there was no evidence that U.S. Bank actually held the note in question.  Bankr. Dkt. 28 at 3.  On August 15, 2019—five days before a scheduled hearing before the bankruptcy court—Wells Fargo filed a reply affirmation, which included a declaration of its Vice President for Loan Documentation, Kimberly Mueggenberg, who attested that Wells Fargo had physical possession of the note and was holding it on U.S. Bank's behalf.  Bnkr. Dkt. 36 Exhibit D at ¶ 7.

---

[1] Unless otherwise noted, these facts are drawn from the record in the U.S. Bankruptcy Court for the Southern District of New York.  The Court assumes the parties' familiarity with the factual and procedural history and recites only those facts necessary to resolve the instant appeal.

[2] The underlying petition has not yet been adjudicated and is still pending.  *See generally*, Bankr. Dkt.

On August 20, 2019, Judge Vyskocil held a hearing on the motion.  Bankr. Dkt. 44.  At the hearing, the Judge Vyskocil noted that Ehrenfeld had not had an opportunity to reply to this late-filed evidence, and thus granted him an additional week to file a surreply addressing it.  *Id*. at 13:18–20.  Ehrenfeld did not do so.

On August 28, 2018, after the time to file a surreply had expired, Judge Vyskocil issued an order granting Wells Fargo's motion to lift the stay.  Bnkr. Dkt. 41.

## LEGAL STANDARD

District courts have appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy courts under 28 U.S.C. § 158(a)(1).  "A district court 'may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'"  *In re Margulies*, 566 B.R. 318, 328 (Bankr. S.D.N.Y. 2017) (citation omitted).

A district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law de novo.  *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000).  Matters left to the bankruptcy court's discretion—including whether to lift a stay under § 362(d)—are reviewed for abuse of discretion.  *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990); *see also In re Adelphia Comm. Corp.*, 342 B.R. 122, 126 (Bankr. S.D.N.Y. 2006).  "A bankruptcy court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."  *In re Soundview Elite Ltd.*, 646 F. App'x 1 (2d Cir. 2016).

## DISCUSSION

On September 19, 2019, Ehrenfeld timely filed a notice of appeal of Judge Vyskocil's August 29, 2019 opinion to this court.  Dkt. 1.  Ehrenfeld challenges three aspects of the

bankruptcy court's order lifting the stay.  Reviewing for abuse of discretion, the Court finds no

error, and denies each of Ehrenfeld's claims.

**I.      The Bankruptcy Court Gave Proper Consideration to the Debtor's Objection to the Motion**

Ehrenfeld's first challenge stems from Judge Vyskocil's statement that he filed "no

opposition to the Motion."  Ehrenfeld Br., Dkt. 9 at 6 (citing Bankr. Dkt. 44 at 1).  He asserts that

this statement constitutes evidence that Judge Vyskocil erroneously disregarded his brief in

opposition, filed May 23, 2019.  *Id*. at 6 (claiming Judge Vyskocil "completely ignored the

Debtor's objection to the motion").  When considered in context, however, the opposite proves to

be true.

Judge Vyskocil's full statement reads as follows:

> Wells Fargo Bank, N.A. as servicing agent for US Bank National Association, as
> Trustee for MASTR Asset Backed Securities Trust, 2006-WMC2, Mortgage Pass-
> Through Certificates, Series 2006-WMC2 (hereinafter "US Bank"), having moved
> this Court for an order granting relief from the automatic stay, pursuant to
> Bankruptcy Rule 4001 and 11 U.S.C. §362(d) (the record of which is hereby
> incorporated herein as the "Motion") [ECF No. 15], with proof of service upon the
> Debtor, Debtor's Attorney, the Trustee and the U.S. Trustee having been duly filed
> [ECF No. 15], and this Motion having been heard on August 20, 2019, and Debtor's
> Counsel having objected orally at the hearing to the Motion; *and the Court having
> adjourned the Motion one week to allow Debtor to file any opposition*, and ordered
> that the stay remain in effect pending a ruling on the Motion; *and no opposition to
> the Motion having been filed* . . .

Bnkr. Dkt. 41 at 1 (emphasis added).  This language makes clear that Judge Vyskocil's statement

that "no opposition" was filed referred to Ehrenfeld's failure to file a surreply, not an initial brief

in opposition.  Indeed, at the motion hearing, Judge Vyskocil acknowledged Ehrenfeld's initial

opposition brief, noting that the "motion is opposed by the debtor."  Bnkr. Dkt. 44 at 2:22–23.

Ehrenfeld cannot overcome this evidence that Judge Vyskocil did, in fact consider his objection to

the motion.  Thus, the Court finds no abuse of discretion here.

II.     **The Bankruptcy Court Did Not Abuse Its Discretion in Declining to Relitigate the Creditor's Standing**

Ehrenfeld's second challenge arises from Judge Vyskocil's implied finding that Wells Fargo had standing to pursue the motion, despite Ehrenfeld's presentation of evidence to the contrary.  Ehrenfeld Br., Dkt. 9 at 7 (noting that Ehrenfeld had informed the bankruptcy court that "[t]he MERS website shows that the note is held possibly by UBS Bank" rather than U.S. Bank).

Bankruptcy law does not require a movant to prove it "holds a valid, perfected and enforceable lien and more likely than not will prevail in the underlying litigation stayed by the bankruptcy filing" in order to establish standing.  *In re Sterling*, 543 B.R. 385, 390 (Bankr. S.D.N.Y. 2015) (quoting *In re Escobar*, 457 B.R. 229, 237 (Bankr. E.D.N.Y. 2011)).  Instead, a movant can bear its burden of showing standing through "uncontroverted affidavit testimony that [it is the] holder[] of the Note[] by virtue of possession of the original notes executed with endorsements in blank (pay to the order of __)."  *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 509 (Bankr. E.D.N.Y. 2018) (quoting *Escobar*, 457 B.R. at 241); *see also Sterling*, 543 B.R. at 390–91 ("Under New York law, a Movant can prove that it is the holder of the Note by providing the Court with proof of a written assignment of the Note, or by demonstrating that it has physical possession of the Note endorsed over to it." (alterations adopted)).  Here, Wells Fargo established before the bankruptcy court that it had physical possession of the "original wet ink note and mortgage."  Bankr. Dkt. 44 at 4:16–17.  This was sufficient to establish standing.

Moreover, because the identity of the note's holder was litigated in the state court foreclosure proceeding, collateral estoppel precluded Ehrenfeld from relitigating this issue here. "Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party."  *Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010) (internal quotation marks omitted).  Here, Ehrenfeld

clearly raised this issue below, arguing before the state court that U.S. Bank was not the holder of the note. *See Ehrenfeld*, 144 A.D.3d at 894. The issue was decided against Ehrenfeld, as the state court concluded that U.S. Bank had "demonstrated, prima facie, its standing as the holder of the note and mortgage." *Id*. Collateral estoppel thus applies, precluding Ehrenfeld from relitigating the ownership of the note before the bankruptcy court.[3]

For both of these reasons, the Court finds no abuse of discretion here either.

III.     **The Bankruptcy Court's Section 362(d)(2) Analysis Was Not Erroneous**

Ehrenfeld's most substantive challenge to Judge Vyskocil's decision is his argument that Judge Vyskocil abused her discretion in concluding that Wells Fargo satisfied the factors required to lift a stay under 11 U.S.C. § 362(d)(2).[4] An automatic stay may be lifted under § 362(d)(2) if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). The creditor bears the burden to show a lack of equity. *Osuji*, 589 B.R. at 508. Once lack of equity is established, the burden shifts to the debtor to show that the property is necessary for effective reorganization. *Id*.

"For purposes of Code § 362(d)(2)(A)[,] a debtor lacks equity in a particular piece of property when the sum total of the claims secured by the property exceed its value." *In re Leonard*, 151 B.R. 639, 643 (Bankr. N.D.N.Y. 1992). Here, Wells Fargo presented evidence of a 2019

---

[3] Wells Fargo also argues that Ehrenfeld was precluded from relitigating this issue before the bankruptcy court under the *Rooker-Feldman* doctrine, which prohibits federal courts from hearing cases that are, in substance, appeals from state-court judgments. Wells Fargo Br., Dkt. 10 at 8. In light of the Court's finding that collateral estoppel precludes Ehrenfeld from relitigating the standing issue, the Court need not address this argument.

[4] In his opening brief, Ehrenfeld argued that Judge Vyskocil abused her discretion in failing to conduct a full analysis of cause under 11 U.S.C. § 362(d)(1). *See* Ehrenfeld Br., Dkt. 9 at 8. As Ehrenfeld later acknowledged in his reply brief, this challenge was misguided, for Wells Fargo sought to lift the stay under § 362(d)(2), not § 362(d)(1). Reply Br., Dkt. 13 at 5. In his reply brief, Ehrenfeld solely put forth argument regarding § 362(d)(2). *Id*. at 6. Accordingly, the Court's analysis here will focus only on those arguments set forth in Ehrenfeld's reply brief.

appraisal valuing the property at issue at $862,492. Bankr. Dkt. 15 Exhibit E. It also demonstrated that, as of March 7, 2019, Ehrenfeld owed U.S. Bank $904,730.98. *Id.* Exhibit D at 2. Thus, Wells Fargo met its burden of demonstrating lack of equity.

And because Ehrenfeld is seeking Chapter 7 bankruptcy, he seeks liquidation of his estate, not reorganization. *See In re DBSD N. Am., Inc.*, 634 F.3d 79, 98 (2d Cir. 2010) (noting that Chapter 7 bankruptcy "involve[s] a liquidation of the debtor, not a reorganization"). Thus, he cannot show that retention of the property is necessary for an effective reorganization.

Accordingly, the Court finds no abuse of discretion here either.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision is affirmed. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:     September 28, 2020
           New York, New York

_____
Ronnie Abrams
United States District Judge

7